

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mrs. B. B. Sapp, Director and Executive Secretary
Teacher Retirement System of Texas
Austin, Texas

Dear Mrs. Sapp:

Opinion No. O-4543
Re: Delayed birth certificates
as proof of age of members
of Teacher Retirement Sys-
tem

We have received your letter of recent date in which you ask the opinion of this department on the question whether the Board of Trustees of the Teacher Retirement System may reject as age proof certified copies of the "delayed registration" record of a member's birth as provided by the county clerks of the several counties of this State, and require in lieu thereof certified copies of such birth record as provided by the State Registrar of the Bureau of Vital Statistics.

With respect to the retirement age of a member of the Teacher Retirement System an examination of the Retirement Act (Article 2922-1, Vernon's Annotated Civil Statutes) reveals that the act is silent as to any method of age proof.

Article 4477, Vernon's Annotated Civil Statutes, provides for the filing of birth certificates. Rule 51a of Article 4477 provides that a citizen of Texas who wishes to file the record of any birth not previously registered may submit a record of birth, written on the adopted form of certificate and substantiated by certain affidavits, to the Probate Court. Under the statute the Clerk of the Court forwards such certificate to the State Bureau of Vital Statistics with an order from the Court to the State Registrar that the record be, or be not, accepted.

Mrs. B. B. Sapp, Director and Executive Secretary, Page 2

The original act providing for delayed registration (Acts 1939, 46th Leg., R.S., Ch. 2, H.B. 614, p. 346) provided for the issuance of certified copies of such records by the State Registrar, but made no mention of the issuance of such certified copies by the county clerk. We quote the following from Section 18 of House Bill 614:

" . . . . The State Registrar is authorized to accept the certificate when verified, in the above manner, and shall issue certified copies of such records as provided for in Section 21 (Rule 54a) of this Act. Such certified copies shall be prima facie evidence in all Courts and places of the facts stated thereon. The State Bureau of Vital Statistics shall furnish the forms upon which such records are filed, and no other form shall be used for that purpose." (Parenthetical insertion added)

Rule 54a provides for the issuance of certified copies by the State Registrar and the charging of a certain fee therefor.

Section 18 was twice amended by the 47th Legislature. In the first amendment (Acts 1941, 47th Leg., R.S., Ch. 525, H.B. 624) the following provision appears:

" . . . . The State Registrar is authorized to accept the certificate when verified in the above manner, and shall issue certified copies of such records as provided for in Section 21 of this Act. Provided, however, that when application is made, as provided in this paragraph, a fee of One Dollar ($1) shall be collected by the Probate Court, Fifty (50) Cents of which shall be retained by the Court, and Fifty (50) Cents of which shall be retained by the Clerk of the County Court for recording said birth or death certificate. Certified copies of said birth or death certificate shall be issued by either the County Clerk or the State Registrar and fee for said certified copy shall be Fifty (50) Cents. Such certified copies shall be prima facie evidence in all Courts and places

of the facts stated thereon. No other charge
shall be made for the issuance of such delayed
certificates and certified copies thereof. The
State Bureau of Vital Statistics shall furnish
the forms upon which such records are filed,
and no other form shall be used for that pur-
pose."

However, the second and later amendment (Acts 1941,
47th Leg., R.S., Ch. 564, H.B. 974) entirely omits the under-
scored part of the first amendment and returns to the exact
wording of the original act above quoted (H.B. 614).

We do not feel that we are called upon to determine
the effect that the two acts of the 47th Legislature have up-
on one another or the original act. We do not believe that
such determination is necessary in order to answer your ques-
tion.

As we have mentioned before, there is no provision
in the Teacher Retirement Act setting forth a standard with
which to prove the age of a member of the System. Sections
6(1) and 6(7) of the Act provide as follows:

"(1) The general administration and
responsibility for the proper operation of the
Retirement System and for making effective the
provisions of the Act are hereby vested in a
State Board of Trustees . . .

" . . . .

"(7) Subject to the limitations of this
Act, the State Board of Trustees shall, from
time to time, establish rules and regulations
for eligibility of membership and for the ad-
ministration of the funds created by this Act
and for the transaction of its business."

It is our opinion that under these provisions the
Teacher Retirement Board may pass any reasonable regulation
for the effective administration of the Teacher Retirement
Act not inconsistent with the general law.

The Teacher Retirement Board must keep detailed and complete records of the thousands of persons composing its membership. One of the most important details that it must keep is the age record of its members. Through experience the Board has found that typographical errors occur in certified copies of birth certificates furnished by county clerks. The correction of these errors became quite a problem; therefore, the Board passed a regulation requiring that certified copies of delayed birth certificates provided by the Bureau of Vital Statistics be furnished the Retirement Board. The type of certified copy issued by the Bureau of Vital Statistics is a photostatic copy of the original record with a proper certificate attached thereto. The possibility of any such error is, therefore, eliminated. Another factor is present. Both the records of the Retirement System and those of the Bureau of Vital Statistics are kept in Austin. Should any question regarding the certificate of a member arise, a check of the records of the two State agencies would be relatively simple.

In view of these facts is the regulation unreasonable? We are of the opinion that it is not. You are, therefore, advised that the Board of Trustees of the Teacher Retirement System may in the exercise of the discretionary authority vested in the Board pass a regulation requiring that a certified copy of the delayed birth certificate of a member of the system be provided by the Bureau of Vital Statistics. It follows that your question is answered in the affirmative.

We do not in this opinion question the validity of any certified copy of a birth certificate issued by a county clerk. Opinion No. O-1386. The Teacher Retirement Board could, if it so chose, accept such a certificate as age proof. We simply hold that the Teacher Retirement Board may in the exercise of its discretionary authority require that such copies be furnished by the State Registrar.

APPROVED JUL 30 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

Very truly yours

ATTORNEY GENERAL OF TEXAS

By George W. Sparks

George W. Sparks
Assistant